IN RE APPLICATION OF CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY TO DISCONTINUE AGENCY AT THE STATION OF BINGHAM, NEBRASKA, AND TO SUBSTITUTE A CUSTODIAN THEREFOR. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, A CORPORATION, APPELLANT, V. VILLAGE OF BINGHAM ET AL., APPELLEES.

52 N. W. 2d 241

Filed February 29, 1952. No. 33097.

*J. W. Weingarten* and *Walter P. Loomis,* for appellant.

*Harry E. Gantz, Donald E. Williams, C. O. Griffith,* and *William H. Hein,* for appellees.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an appeal by the Chicago, Burlington & Quincy Railroad Company from an order of the Nebraska State Railway Commission denying it the right to discontinue an agency at the station at Bingham, Nebraska, and to substitute instead a custodian and custodial service except during the months of September and October of each year during which two months agency service would be supplied.

No formal objection was filed to the application but a considerable number of citizens living in and in the vicinity of the village of Bingham appeared at the hearing and by the giving of evidence made objection thereto.

By appropriate procedure the order of the commission has been brought to this court for review. The railroad company is appellant, and on the records of this court and in the briefs the village of Bingham is designated as appellee.

The basis of the application is that convenience and necessity do not require the maintenance of agency service except during the months of September and October. The fundamental basis of the appeal is that the findings and adjudication by the commission contrary to the claims of the railroad company in its application for substitution of service are unreasonable, unjust, arbitrary, and clearly wrong.

Bingham is an unincorporated village on the line of the appellant extending from Kansas City, Missouri, to Alliance, Nebraska, and beyond. Its population is about 100. It is about 8½ miles from Ashby, Nebraska, to the east and about 18 miles from Lakeside, Nebraska, to the west. At these two points open stations and agencies are maintained. Nebraska State Highway No. 2, a "blacktop" surfaced highway parallels the railroad from Ravenna, Nebraska, to Alliance, Nebraska. The business establishments in Bingham are two stores; a gasoline and oil station, a soft drink, candy, and tobacco store, which are combined; and a dealer in auto parts.

The appellant bases its test of the propriety of the order of the commission on the history of the business transacted at this station in the years 1948, 1949, and 1950. In 1948 traffic consisted of 118 carloads for the year. This consisted of 104 carloads of cattle forwarded, 4 received, and 10 cars of other freight received. There were 152 less than carload lot shipments commonly referred to as L.C.L. shipments. In 1949 traffic consisted

of 117 carloads for the year. This consisted of 87 carloads of cattle forwarded, 1 received, 2 cars of seed forwarded, and 27 carloads of other freight received. There were 153 L.C.L. shipments. In 1950 traffic consisted of 72 carloads of cattle forwarded, 4 received, and 12 carloads of other freight received. There were 80 L.C.L. shipments.

Most of the forwarded shipments of cattle were made in September and October of each year. Probably a fair example is what happened in 1950. Of the 72 carloads of cattle which were forwarded in that year 65 moved in September and October.

These and the other facts disclosed by the record are so nearly like those in In re Application of Chicago, Burlington & Quincy Railroad Company, *ante* p. 387, 52 N. W. 2d 238, a case which like this was an appeal from the denial of an application to substitute custodial service for agency service at a station on the line of the railroad except during the months of September and October, that no factual or legal conclusion other and different than was arrived at in that case is possible.

The conclusion therein appearing and the principles and reasoning on which they are based as disclosed by the opinion in that case are adopted as determinative of the issues in this case.

As in that case we conclude that the order of the railway commission denying the application of the carrier was arbitrary, unreasonable, and contrary to law.

The order is therefore reversed and the cause remanded with directions to the commission to grant the authority requested in the application.

REVERSED AND REMANDED WITH DIRECTIONS.